CASTO v. PHISTER et al.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

No. 288.

CANCELLATION OF DEEDS—SUFFICIENCY OF EVIDENCE.

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

This was a bill in equity by Elizabeth Casto against Anne M. Phister and John P. Phister, her husband, Matthew M. Gasser, and Richard Dawson, to cancel and annul two deeds conveying certain lands in Wisconsin. The circuit court dismissed the bill, and complainant has appealed.

A. L. Sanborn and Thos. M. Wood, for appellant.
W. C. Silverthorn and F. C. Ryan, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This bill was brought on the 20th day of December, 1890, to annul two deeds of conveyance of real estate situate near Superior City, in Douglas county, Wis., both purporting to have been made the 28th day of July, 1862, but executed, as indicated by the certificates of acknowledgment, on the 29th day of July, 1862, and on the 11th day of July, 1863, respectively. The same lands are described in both deeds, the purpose of the second having been to supply a defect in the certificate of acknowledgment of the execution of the first. Both were recorded in due time, and they purport and are certified to have been executed by Emily Cune, Franklin Casto and his wife Elizabeth Casto, who is the complainant in the bill, as grantors, to Anne M. Phister, wife of John P. Phister. Emily Cune and Franklin Casto were the surviving sister and brother, and sole heirs at law, of William T. Casto, of Maysville, Ky., who fell in a duel, and died intestate, on the 8th day of May, 1862, seised of the lands described in these deeds. Franklin Casto died in 1869, intestate, leaving the complainant his sole heir. The grounds alleged for relief are, in substance, that the complainant did not execute, authorize, or know of the execution of, either of the deeds in question; that Franklin Casto was a lunatic, and incapable of executing the deeds; that he was unduly influenced to part with the lands by Richard Dawson, who had a secret personal interest in the purchase, and who, by reason of being administrator of the estate of William T. Casto, and holding a power of attorney, executed by Emily Cune and Franklin Casto, authorizing him to sell a part of the lands described in the deeds, was in a position of trust and confidence, which he betrayed; and that the consideration recited in the deeds was less than the value of the lands, and was not paid. As an excuse for the long delay in bringing the action, it is alleged that the complainant was ignorant that William T. Casto ever owned the lands in question, or any land in Wisconsin: that she did not know of the execution of either of the deeds; and

v.73 F. no.5—44

that her first knowledge on the subject was received in 1890, when the report came to Maysville, and was brought thence to her, of the contract between Mrs. Phister and Matthew M. Gasser for the sale to the latter of one piece of the land for the sum of $86,000, which, excepting $1,000, it is alleged, had not been paid. Gasser was made a party to the original bill. Dawson was brought in by an amendment permitted at the hearing. The testimony is voluminous, and no good purpose would be subserved by rehearsing or summarizing it. It fails, in all essential particulars, to establish the charges of the bill. We are satisfied that Franklin Casto was not incapable of making, and that the complainant joined in executing, the deeds; that the consideration recited was paid, and was equal to the value of the land at that time, and at any time for many years thereafter; and that Dawson had no interest in the purchase. The decree of the circuit court is affirmed.